IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
| ) | |
| vs.                                                            ) | Criminal Action No. 08-00170-KD |
| ) | |
| ABSOLAM LUCKY,                              ) | |
| ) | |
|     Defendants.                              ) | |

## ORDER

This action is before the court on the "Motion for Attorney Records" filed by defendant Absalom Lucky (doc. 42). Upon consideration and for the reasons set forth herein, the motion is DENIED.

Lucky requests "any and all records held by this court and [his] counsel." (*Id*.) Lucky states that he is an indigent prisoner "involved in an appeal of a criminal case" and seeks these records so that he may be informed about filings and whether any filings are required of him. Lucky moves the Court to compel his counsel to respond and for release of all court records. Initially, the docket shows that Lucky did not file a notice of appeal but instead filed a notice of non-appeal (doc. 39, dated June 2, 2009). Therefore, he is not involved in an appeal.

In general, a prisoner who has been granted *in forma pauperis* status in order to proceed on an application for writ of habeas corpus or motion to vacate, may obtain a copy of the court records without cost. 28 U.S.C. § 2250; 28 U.S.C. § 753(f) (addressing availability of transcripts). However, the Court of Appeals for the Eleventh Circuit has explained that "[w]hen a prisoner has not filed a motion to vacate his sentence, . . . the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" *United States v. Warmus*, 151 Fed. Appx. 783, 787 (11th Cir. 2005), citing *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)[1] and *Skinner v. United States*, 434

---

[1] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, (Continued)

F.2d 1036, 1037 (5th Cir. 1970); *see Hansen v. United States,* 956 F.2d 245, 247-248 (11th Cir. 1992) ("We agree with the Seventh Circuit that prisoners have a right of access to the court files of their underlying criminal proceeding. We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding. [ ] It is only when a prisoner has made such a showing that the constitutional right of access to the courts is implicated.") (italics in original) (footnote omitted).

The circuit court in *Warmus* also applied this same rationale to documents in the possession of counsel. *Id*. ("[*Herrera* and *Skinner*] dealt only with documents in the possession of the court, and Warmus seeks documents from the government and his attorney.  Nevertheless, the cases are analogous to Warmus's case because Warmus does not point to a specific legal filing for which he needs the documents and, thus, it appears that he is attempting to "search for possible defects" at government expense.") (citation omitted);

No motion to vacate or any other proceeding is pending in this case.  Further, no evidence is before the Court that Lucky contacted his counsel and requested a copy of his case file before moving the Court to compel.  Since there does not appear to be a "specific legal filing for which Lucky needs the documents", his motion is denied

DONE and ORDERED this 6th day of February, 2012.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE

---

1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).